IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARWIN YAZZIE,

        Plaintiff,

v.                            No. CIV 15-109 JAP/SCY

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, BARNEY
TRUJILLO, DANNY GARCIA, ALFREDO
L. MONTOYA and JEROME SANCHEZ,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On May 26, 2015, Defendants filed a MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S STATE CONSTITUTIONAL AND BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIMS BASED ON LACK OF SUBJECT MATTER JURISDICTION/FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM (Motion) (Doc. No. 18). Defendants seek dismissal of Plaintiff Darwin Yazzie's (Plaintiff's) state law claims under Federal Rules of Civil Procedure 12(b)(1) and (c) or 12(b)(6). PLAINTIFFS' (sic) RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Response) (Doc. No. 21) does not address Defendants' request to dismiss Plaintiff's state law claims and, instead, argues that Plaintiff has also asserted federal constitutional claims. Defendants' REPLY BRIEF ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S STATE

1

CONSTITUTIONAL AND BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIMS BASED ON LACK OF SUBJECT MATTER JURISDICTION/FAILURE TO STATE A CLAIM (Reply) (Doc. No. 22) asserts that Plaintiff failed to respond to Defendants' position that the state law claims must be dismissed on statute of limitations grounds.

## Background

On December 31, 2014, Plaintiff filed a COMPLAINT FOR WRONGFUL DISCHARGE, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATION OF CIVIL RIGHTS AND VIOLATION OF DUE PROCESS (Complaint) (Doc. No. 1-1) in the First Judicial District Court, County of Rio Arriba, State of New Mexico. The Complaint identifies five causes of action[1] against Defendants: (1) Violation of Procedural Due Process under both the State Constitution and the United States Constitution (Count I); (2) Violation of Substantive Due Process under both the State Constitution and the United States Constitution (Count II); (3) Breach of Contract in violation of state law (Count III); (4) Breach of the Covenant of Good Faith and Fair Dealing in violation of state law (Count IV); and (5) Violation of Civil Rights under the State Constitution and the United States Constitution (Count V). Plaintiff seeks an award of compensatory and punitive damages against Defendants and reinstatement of his position in the Velarde, New Mexico Fire Department.

Plaintiff's claims arise out of the termination in August 2012 of his employment as a "volunteer fire fighter" with the Velarde Fire Department. Complaint ¶¶ 7, 16. Plaintiff asserts that Defendant Fire Marshal Jerome N. Sanchez terminated Plaintiff's position via a letter dated

---

[1] Plaintiff identified both his breach of contract claim and his breach of the covenant of good faith and fair dealing claim as Count III. The Court has re-numbered the claims so that the breach of the covenant of good faith and fair dealing claim is Count IV and the civil rights claim is Count V.

August 7, 2012, that was delivered to Plaintiff on August 8, 2012, while Plaintiff was being detained at the Rio Arriba County Detention Center.[2] *Id. ¶* 16.

Plaintiff had been with the Velarde Fire Department since January 2000. *Id.* ¶ 21. Plaintiff alleges that he was a "public employee" as defined by NMSA 1978 §§ 10-16C-2 and 41-4-3(F)(14), that he had a "constitutional due process property right in his job," and that he could be terminated only for cause. *Id.* ¶ 7.

The August 7, 2012 letter informed Plaintiff that his position with the Velarde Fire Department was being terminated, effective immediately. (Doc. No. 18-1). The letter described the basis for Defendants' decision to terminate Plaintiff's position as follows:

> On Monday, August 6, 2012 at approximately 7:30P, you appeared at the Velarde Volunteer Fire Department Station #1 during the monthly meeting for the department.
>
> Based upon statements of your fellow firefighters given to the Rio Arriba Sheriff's Office, you were carrying a rifle and at least one handgun. You were wearing clothing that made it look like you were ready for a fight of some kind. You were under the influence of alcohol and made threatening comments to some of your fellow volunteer firefighters.
>
> Your actions made some of your fellow firefighters fear for their lives. These firefighters felt that their lives were in immediate danger, and they fled the station through a side door that is rarely used.
>
> After this incident, you left the fire station and were subsequently arrested.

Doc. No. 18-1. The letter, signed by Fire Marshal Sanchez, stated that a Temporary Restraining Order was being sought to prevent Plaintiff from approaching the fire station or any other County property and personnel. *Id.* The letter also informed Plaintiff that he could submit a

---

[2] Plaintiff alleges that he attached the August 7, 2012 letter as Attachment A to the Complaint, but the exhibits begin with "Attachment B." Complaint, ¶ 16, attachments. However, the August 7, 2012 letter was provided in a subsequent transmittal of state court pleadings, Doc. No. 5, and was attached as an exhibit to Defendants' Motion.

written grievance to the Rio Arriba County Manager within five working days of receiving the letter. *Id.*

Plaintiff was charged with criminal offenses in relation to his conduct on August 6, 2012 at the Velarde Fire Department. On April 4, 2013, Plaintiff was indicted on the charges of aggravated assault with a deadly weapon, "Firearm (5 Counts), Abuse of a Child (2 Counts)." Doc. No. 18-1. On October 22, 2013, Plaintiff pled guilty to one count of aggravated assault with a deadly weapon and was placed on supervised probation for a period of 18 months. All other charges were dismissed. *Id.* (Plea and Disposition Agreement).

In the Complaint, Plaintiff makes no reference to the stated reasons for termination of his position or to his guilty plea, other than to allege that "Plaintiff was terminated based upon statements to the Rio Arriba Sheriff's Office by some of his fellow firefighters." Complaint ¶ 17. Plaintiff believes that his affiliation with certain political figures in Rio Arriba County was the real reason that he was "targeted" and terminated from his position. *See id.* ¶¶ 28–42. Plaintiff also contends that: 1) the August 7, 2012 termination letter's instructions regarding a grievance request were contrary to the Rio Arriba County Fire District Bylaws; 2) he did not receive adequate notice of a hearing and a chance to appear before a fair and impartial hearing officer before termination of his employment; and 3) Defendants did not conduct a fair and impartial investigation before they terminated Plaintiff's employment. *Id.* ¶¶ 19, 54.

On February 6, 2015, Defendants removed this lawsuit to federal court, and on February 13, 2015, Defendants filed an Answer. Doc. Nos. 1, 3. In the Answer, Defendants raise an affirmative defense that Plaintiff's state law claims are barred by statutes of limitation.

**Defendants' Motion**

Defendants argue that Plaintiff's breach of contract claims (Counts III and IV) and Plaintiff's state constitutional claims (Counts I, II, and V) are barred by two-year statutes of limitation, NMSA §§ 37-1-23 and 41-4-15. Therefore, Defendants seek dismissal of all of Plaintiff's state-law claims as time-barred while recognizing that Plaintiff's federal constitutional claims may proceed. Motion at 7–10.

Plaintiff does not dispute the applicability of the statutes of limitation, nor does Plaintiff argue that the state law claims should not be dismissed. Plaintiff's sole position in response to the Motion to Dismiss is that his federal constitutional claims are subject to a three-year limitations period and should proceed. Response at 1–3.

Defendants do not deny that Plaintiff has asserted federal constitutional claims and acknowledge that they did not seek dismissal of those claims. Reply at 1–2. Because Plaintiff did not respond to Defendants' argument that the state law claims are time-barred, Defendants assert that Plaintiff has abandoned the state law claims which must be dismissed.

**Analysis**

**I.    Legal Standard**

Defendants suggest that the Court can dismiss Plaintiff's state law claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Motion at 5–6. In some instances, courts have held that statutes of limitations act as a jurisdictional bar. *See, e.g., Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 738 (8th Cir. 2001) (the Quiet Title Act's statute of limitations is a jurisdictional bar unlike most statutes of limitations, which are affirmative defenses), *cert. denied*, 535 U.S. 988 (2002); *Wilson v.*

*Denver*, 1998–NMSC–016, ¶ 9, 125 N.M. 308, 312 (time limitations contained in statutes that set a "condition precedent to the right to maintain the action" are jurisdictional).

The Court determines that it should analyze this matter under Rule 12(b)(6) rather than under Rule 12(b)(1). If the allegations in a Complaint show that relief for a certain claim is barred by the governing statute of limitations, the cause of action is subject to dismissal for failure to state a claim; *Jones v. Bock*, 549 U.S. 199, 215 (2007). *See Radloff-Francis v. Wyo. Med. Ctr.*, 524 F. App'x 411, 413 (10th Cir. Apr. 19, 2013) ("although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'") (c*iting Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096–97 (10th Cir. 2009) ("If the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.") (internal quotation omitted).

"To survive a motion to dismiss [under Rule 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff bears the burden of proof to frame "a complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). A complaint may be dismissed for failure to state a claim if the allegations set forth everything necessary to satisfy an affirmative defense such as when a complaint reveals that a cause of action is untimely under a pertinent statute of limitations. *Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1168–69 (D. Colo. 2010) (citations omitted).

**II.     Discussion**

A.  State Law Breach of Contract Claims (Counts III and IV)

Defendants argue that Plaintiff's New Mexico state law claims of breach of contract and breach of implied covenant of good faith and fair dealing are barred by a two-year statute of limitations. Section 37-1-23 of the New Mexico Statutes provides that governmental entities are granted immunity from actions based on contract, except for actions based on "a valid written contract." NMSA 1978 § 37-1-23(A).

Defendants concede that Plaintiff's Complaint alleges the existence of an implied contract of employment, i.e., the Velarde Fire Department's Bylaws concerning grievances and formal appeals that Defendants purportedly breached. Defendants also recognize that an implied employment contract constitutes a "valid written contract" under New Mexico law. Motion at 7. However, claims brought against governmental entities based on a valid written contract must be brought "within two years from the time of accrual." NMSA 1978 § 37-1-23(B). For purposes of calculating when a limitations period begins to run in a breach of contract action, the New Mexico Supreme Court has held that a statute of limitations begins to accrue from the time of the breach." *Welty v. Western Back of Las Cruces*, 106 N.M. 126, 127 (1987).

The Complaint alleges that Plaintiff's employment was terminated on August 7, 2012 and that Plaintiff had until about mid-August, 2012 to file a written grievance. Complaint ¶¶ 16, 18. , On August 10, 2012, Plaintiff wrote and hand-delivered a letter requesting a hearing in accordance with the Velarde Fire Department's Bylaws. *Id.* ¶ 23. Plaintiff received a letter dated August 12, 2012, stating that Plaintiff's request for a hearing was proper and that a hearing would be scheduled. *Id.* ¶¶ 25, 26. Plaintiff should have received a hearing by about August 21, 2012, but he never received a hearing date. *Id.* ¶ 27; Response at 8.

Plaintiff contends that Defendants breached an employment contract by terminating Plaintiff's position without an internal investigation, Complaint ¶ 74, and that Defendants breached an implied covenant of good faith and fair dealing by failing to follow policies that required an internal investigation, Complaint ¶ 82. The Complaint also alleges that Defendants "targeted" Plaintiff as early as December 2011, when Plaintiff's employment was previously suspended pending an administrative investigation. *Id.* ¶¶ 32, 35. In March 2012, Plaintiff was reinstated to his position after a grievance hearing was held. *Id.* ¶¶ 37–42.[3]

At the latest, the breach of contract claims accrued at the end of August 2012. However, Plaintiff did not file his Complaint until December 31, 2014, at least four months after the two-year statute of limitations expired. The allegations in the Complaint plainly reveal that Plaintiff's two breach of contract claims are untimely under NMSA § 37-1-23, the governing statute of limitations. Stated differently, it appears beyond a doubt that Plaintiff's state law breach of contract claims have been extinguished. Moreover, Plaintiff has not satisfied his burden of establishing a factual basis for tolling the applicable statute of limitations. In fact, Plaintiff has provided no argument in response to Defendants' contention that the state law breach of contract claims are time barred. Plaintiff's state law breach of contract claims (Counts III and IV) will be dismissed on statute of limitations grounds.

---

[3] Plaintiff's Complaint contains unexplained allegations that "Defendant" breached a contract "by failing or refusing to conduct an internal investigation of the deposit of monies prior to dismissal, by failing to notify Plaintiff of the deposit discrepancy, by failing to follow its progressive discipline policy and by failing to recognize his repayment of the monies owed after he was finally informed of the discrepancy." Complaint ¶ 75. The Complaint does not state whether this alleged deposit discrepancy related to the termination of Plaintiff's employment in August 2012 or to the earlier dismissal and reinstatement of Plaintiff's employment in March 2012.

B. <u>State Constitutional Claims</u> (Counts I, II, and V)

Defendants assert that § 41-4-15 bars Plaintiff three state constitutional claims. Section 41-4-15 states that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury, or death …." The plain language of the statute of limitations indicates when the limitations period begins to run. *Aragon & McCoy v. Albuquerque Nat'l Bank*, 99 N.M. 420, 425 (1983).

Like the breach of contract claims, Plaintiff's allegations supporting the state constitutional claims rely on actions that took place when Plaintiff's employment was terminated in August 2012. For example, Plaintiff contends that his Fifth and Fourteenth Amendment rights were violated when Defendants failed to give Plaintiff a hearing and failed to conduct a proper investigation before terminating his employment. Complaint ¶¶ 54(a), 54(c). In addition, Plaintiff asserts that his substantive due process rights were violated when he was not compensated for work he performed on "at least fourteen (14) different fires." *Id.* ¶ 62. Presumably, Plaintiff's alleged firefighting assistance occurred before Plaintiff's employment was terminated in August 2012. *See* Complaint ¶ 64. Plaintiff also alleges that Defendants violated his First Amendment rights with respect to "retaliatory actions relating to Plaintiff's refusal to follow Defendant Montoya's political agenda, which was unrelated to Plaintiff's workplace duties." Complaint ¶ 91. Again, the conduct at issue occurred as early as December 2011 and no later than August 2012.

Plaintiff had two years from the time "of the occurrence" to file his state constitutional claims, yet he did not file the Complaint until December 31, 2014, four months after his August 2014 deadline. Plaintiff has not explained the four month delay or responded to Defendants'

argument in support of dismissal. Plaintiff's state constitutional claims (Counts I, II, and V) also will be dismissed on statute of limitations grounds.

IT IS THEREFORE ORDERED that DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S STATE CONSTITUTIONAL AND BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIMS BASED ON LACK OF SUBJECT MATTER JURISDICTION/FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM (Doc. No. 18) is GRANTED, with the result that the:

(1) breach of contract claim (Count III) brought under New Mexico state law will be dismissed with prejudice against all Defendants;

(2) breach of the covenant of good faith and fair dealing claim (Count IV) brought under New Mexico state law will be dismissed with prejudice against all Defendants;

(3) violation of procedural due process claim (Count I) brought under the New Mexico Constitution will be dismissed with prejudice against all Defendants;

(4) violation of substantive due process claim (Count II) brought under the New Mexico Constitution will be dismissed with prejudice against all Defendants; and

(5) violation of civil rights claim (Count V) brought under the New Mexico Constitution will be dismissed with prejudice against all Defendants.

_____
SENIOR UNITED STATES DISTRICT JUDGE