IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARWIN YAZZIE,

        Plaintiff,

v.	No. CIV 15-109 JAP/SCY

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, BARNEY
TRUJILLO, DANNY GARCIA, ALFREDO
L. MONTOYA and JEROME SANCHEZ,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S SECTION 1983 CLAIMS AGAINST BARNEY TRUJILLO, DANNY GARCIA AND ALFREDO L. MONTOYA AS WELL AS PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM AND SUPPORTING MEMORANDUM OF LAW (Motion) (Doc. No. 32) asks the Court to dismiss the First and Fourteenth Amendment claims against three of the four Defendants in their individual capacities because Plaintiff failed to make allegations of personal participation by these Defendants. PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S SECTION 1983 CLAIMS AGAINST BARNEY TRUJILLO, DANNY GARCIA AND ALFREDO L. MONTOYA AS

1

WELL AS PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM (Response) (Doc. No. 37)[1] repeats verbatim many of the allegations in the Complaint, supplies the legal standard in deciding a Motion for Judgment on the Pleadings, attaches several documents that have no bearing on the present Motion, and presents two paragraphs of discussion that fail to counter the arguments in the Motion. There is no need for Defendants to file a Reply. The Court will grant the Motion for the reasons discussed below.

## Background

On December 31, 2014, Plaintiff filed a COMPLAINT FOR WRONGFUL DISCHARGE, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATION OF CIVIL RIGHTS AND VIOLATION OF DUE PROCESS (Complaint) (Doc. No. 1-1) in the First Judicial District Court, County of Rio Arriba, State of New Mexico. On February 6, 2015, Defendants removed the case to federal court. (Doc. No. 1). On July 1, 2015, the Court granted Defendants' first Motion for Judgment on the Pleadings[2] and dismissed Plaintiff's state constitutional and state law claims on the ground that they were time-barred. MEMORANDUM OPINION AND ORDER (Doc. Nos. 24, 25).[3]

---

[1] Defendants filed their Motion on September 8, 2015, and Plaintiff's Response would have been due on about September 25, 2015. However, Plaintiff did not file his Response until October 14, 2015. The Court assumes that the parties agreed to an extension for filing the Response. Although the parties may extend briefing deadlines by agreement, Plaintiff failed to file a Notice in accordance with Local Rule 7.4(a) ("the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed"). In the future, Plaintiff's counsel should review and comply with the District Court's Local Rules of Civil Procedure.

[2] The Court does not understand why Defendants filed separate motions for judgment on the pleadings. *See* Doc. Nos. 28, 32. To promote judicial efficiency and to reduce litigation expense, Defendants' requests to dismiss certain claims should have been raised in a single comprehensive motion.

[3] Plaintiff's response to the first motion also failed to furnish any grounds to deny that motion. *See* Doc. No. 24 at 5.

The remaining claims against Defendants are: (1) Procedural Due Process violations (Count I); (2) Substantive Due Process and/or First Amendment violations (Count II); and (3) "Civil Rights" and/or First Amendment violations (Count V).[4]

Plaintiff's claims arise out of the termination in August 2012 of his employment as a "volunteer fire fighter" with the Velarde Volunteer Fire Department (VFD). Complaint ¶¶ 7, 16. Plaintiff asserts that Defendant Fire Marshal Jerome N. Sanchez terminated Plaintiff's position via a letter dated August 7, 2012, that was delivered to Plaintiff on August 8, 2012, while Plaintiff was being detained at the Rio Arriba County Detention Center. *Id.* ¶ 16.

The August 7, 2012 termination letter described the basis for Defendants' decision to terminate Plaintiff's employment. On August 6, 2012, Plaintiff appeared at the VFD's monthly meeting with a rifle and at least one handgun. Doc. No. 18-1 at 1. Plaintiff was wearing clothes more suitable for a "fight of some kind," was under the influence of alcohol, and made threatening comments to some of his fellow firefighters. *Id.* Plaintiff was charged with criminal offenses in relation to his conduct on August 6, 2012, and was indicted on charges of aggravated assault with a deadly weapon, possession of a firearm, and abuse of a child. Plaintiff pled guilty to one count of aggravated assault with a deadly weapon and was placed on supervised probation for a period of 18 months. *Id.* at 5.

Notwithstanding Defendants' stated reason for the termination decision and Plaintiff's conviction for conduct that occurred on August 6, 2012, Plaintiff makes no mention of these matters in the Complaint. Instead, Plaintiff believes that his affiliation with certain political figures in Rio Arriba County, in particular former Fire Chief Eddie Velarde (Velarde), was the real reason he was "targeted" and terminated from his position. Complaint, ¶¶ 28–42.

---

[4] The Court re-numbered the Counts in the Complaint because Plaintiff identified two causes of action as Count III. Thus, the civil rights violations, which originally were set out as Count IV, became Count V. Doc. No. 24 at 2 n.1.

**Defendant's Motion**

Defendants argue that Plaintiff's 42 U.S.C. § 1983 claims (Counts I, II, and V) against Defendants Trujillo, Garcia, and Montoya in their individual capacities should be dismissed because Plaintiff failed to make any allegations of personal participation by Defendants Trujillo and Garcia and because the allegations are too vague to give Defendant Montoya fair notice of the nature of Plaintiff's claims against him. Motion at 7–9. In addition, Defendants assert that because the First Amendment addresses Plaintiff's claim of retaliation based on political speech and freedom of association, it is improper for Plaintiff to raise the same claim under the Fourteenth Amendment substantive due process clause. *Id.* at 9–10.

As noted, Plaintiff's Response is essentially no response at all. For example, the first four pages of the five-page Response simply repeat verbatim the allegations in the Complaint. *Compare* Response at 1–4 to the Complaint, ¶¶ 16–19, 21, 23–32, 42, 46–50.

**Analysis**

I.   **Legal Standard**

The Court analyzes a Rule 12(c) Motion for Judgment on the Pleadings under the same standards applicable to a Rule 12(b)(6) Motion to Dismiss. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir.), *cert. denied*, 558 U.S. 1048 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (internal quotations and citations omitted). In order to survive a motion to dismiss, Plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal* at 678 *(*citations omitted). The Court disregards conclusory statements and looks only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *See id.* at 678–79 (Court is not bound to accept as true a legal conclusion couched as a factual allegation).

The Court must, however, accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 555–56. The Court draws all inferences from the pleadings in the non-movant's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007). The Court should not grant judgment on the pleadings "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co*., 545 F. App'x 750, 753 (10th Cir. 2013). As with a Rule 12(b)(6) motion, exhibits attached to the pleadings are considered in analyzing a Rule 12(c) motion. *Id.*

**II.    Discussion**

    A.  <u>Section 1983 Claims (Counts I, II, and V) against Defendants Trujillo and Garcia</u>

Plaintiff alleges that Defendants violated his procedural due process rights by failing to provide him with adequate notice of a hearing and with a fair hearing before termination of his

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (internal quotations and citations omitted). In order to survive a motion to dismiss, Plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal* at 678 *(*citations omitted). The Court disregards conclusory statements and looks only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *See id.* at 678–79 (Court is not bound to accept as true a legal conclusion couched as a factual allegation).

The Court must, however, accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 555–56. The Court draws all inferences from the pleadings in the non-movant's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007). The Court should not grant judgment on the pleadings "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co*., 545 F. App'x 750, 753 (10th Cir. 2013). As with a Rule 12(b)(6) motion, exhibits attached to the pleadings are considered in analyzing a Rule 12(c) motion. *Id.*

**II.    Discussion**

    A.  <u>Section 1983 Claims (Counts I, II, and V) against Defendants Trujillo and Garcia</u>

Plaintiff alleges that Defendants violated his procedural due process rights by failing to provide him with adequate notice of a hearing and with a fair hearing before termination of his

employment. Complaint, Count I ¶¶ 51–58. Plaintiff also asserts that due to his political alliances, Defendants did not compensate him for previous work and that they retaliated against him by terminating his employment in violation of the First and Fourteenth Amendments.[5] *Id.*, Count II ¶¶ 62–65. Count V restates the First Amendment claims with slightly more detail than the allegations in Count II.

Defendants Trujillo and Garcia argue that the Court should dismiss the § 1983 claims against them in their individual capacities because Plaintiff made no allegations that these Defendants were personally involved in the employment termination decision or in a violation of Plaintiff's constitutional rights. Response at 6.

Regardless of the constitutional theory, it is well settled that individual liability under § 1983 must be based upon personal responsibility. *See, e.g., Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

> Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation. Supervisory status alone does not create § 1983 liability. Rather, there must be an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quotations and citations omitted).

Other than to allege that Defendants Trujillo and Garcia are Commissioners of Defendant Rio Arriba's Board of County Commissioners, the Complaint contains no further reference to these Defendants. *See* Complaint ¶¶ 10, 11. For example, under Counts I, II, and V, there are no allegations that Defendants Trujillo and Garcia participated in the decision to terminate

---

[5] Although Plaintiff ostensibly alleges a substantive due process claim under the Fourteenth Amendment, the Court finds that the Complaint is more accurately described as alleging a violation of Plaintiff's First Amendment rights of free speech and association. In addition, the Court concludes that any substantive due process claim is subsumed by the First Amendment claim. *See* discussion *infra*. Thus, the Court analyzes Defendants' Motion as to the claims of free speech and procedural due process, which are contained in Counts I, II, and V.

Plaintiff's employment or that they took any specific actions relative to Plaintiff's rights. Moreover, the Complaint contends that "the County" violated certain constitutional rights. *See* Complaint ¶¶ 54, 58, 67.

Plaintiff's Response represents that "[i]n September 2014 Mr. Eddie Velarde received a letter, which upon information and belief was authored by Ms. Ashton Salazar, implicating Defendant Barney Trujillo and the County of Rio Arriba in targeting Mr. Velarde and everyone associated with Mr. Velarde to include specifically Plaintiff." Response at 5. Supposedly, the letter also states that Plaintiff was targeted and that "they" conspired to get rid of Plaintiff. *Id.* The so-called letter, attached as Exhibit B to the Response, consists of an undated, unsigned single typewritten paragraph without any type of identifying letterhead. Response, Ex. B. Indeed, it is unknown why Plaintiff makes the leap in averring that Velarde received "this letter" in September 2014, Response at 5, since Velarde's undated Affidavit makes no such representation, Response, Ex. A.

These contentions of Plaintiff and Velarde are not part of the Complaint and they are not "well-pleaded allegations" that the Court must accept as true. The one-paragraph exhibit is a far cry from the type of factual allegations that might plausibly suggest these Defendants are liable. It is unfathomable why Plaintiff's counsel would rely on an unsubstantiated paragraph full of obscenities to support his contentions that Defendants Trujillo and Garcia were personally involved in depriving Plaintiff of his constitutional rights.

Because Plaintiff makes no allegations of personal participation by Defendants Trujillo and Garcia, the Court concludes that Plaintiff did not "nudge his claims" against these Defendants "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 547. There is no affirmative link between the alleged constitutional violation and these Defendants' conduct.

*See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156–57 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial"). Thus, the Court grants Defendants' Motion and will dismiss the Fourteenth Amendment procedural due process and First Amendment claims contained in Counts I, II, and V against Defendants Trujillo and Garcia in their individual capacities.

The Court will also dismiss Counts I, II, and V against Defendants Trujillo and Garcia in their official capacities because Plaintiff has named the County as a Defendant and a claim against an individual in his official capacity is the same as a claim against the municipal entity. *See Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985); *accord Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). Thus, the Court will dismiss Defendants Trujillo and Garcia from this lawsuit.

B.  <u>Section 1983 Claims (Counts I, II, and V) against Defendant Montoya</u>

Defendants set out a similar argument in asking that Counts I, II, and V be dismissed against Defendant Montoya in his individual capacity. Defendant Montoya is another Commissioner on the Rio Arriba Board. Complaint ¶ 9. According to Defendants, the Complaint is silent as to Defendant Montoya's personal involvement in the alleged violation of procedural due process rights. *Id.* With respect to the First Amendment claim, Defendants assert that the allegations against Defendant Montoya are too vague to provide "fair notice" of the nature of Plaintiff's claim. *Id.* at 7–8.

The Complaint makes the following allegations: (1) Plaintiff associated himself with Velarde in political campaigns "contrary to the political beliefs" of Defendant Montoya, "who[]

is a highly influential and dominant 'political figure' in Rio Arriba County[;]" (2) the County and "the Department" targeted Plaintiff due to political disputes between Velarde and Defendant Montoya; (3) Defendant Montoya "declared that he would take retaliatory action against Mr. Velarde" and anyone associated with Velarde, including Plaintiff; (4) Plaintiff refused to agree to support the political leadership of Defendant Montoya; and (5) Defendants retaliated against Plaintiff because of Plaintiff's refusal "to follow Defendant Montoya's political agenda." Complaint ¶¶ 30, 32, 46, 90.

In Plaintiff's Response, he relies on Velarde's undated affidavit statements that Defendant Montoya has targeted Velarde and those associated with him, including Plaintiff, as long as 19 years ago. Response at 5; Velarde Aff. However, the alleged events from 1996 to 2004, as described by Velarde, even if taken as true, shed no light on the question of Defendant Montoya's possible involvement with the 2012 decision to terminate Plaintiff's employment. Neither the allegations nor Velarde's Affidavit reveal any specific retaliatory actions by Defendant Montoya that "targeted" Plaintiff. Nowhere in the Complaint does Plaintiff allege that Defendant Montoya participated in the termination decision or a decision to deny Plaintiff a hearing. Moreover, Velarde's Affidavit relies on hearsay testimony and unsupported conclusory argument that the "County Commission" did not have the authority to fire a firefighter or the assistant chief of a fire department. Velarde Aff. ¶¶ 13–14.

In sum, Plaintiff's allegations of longstanding political differences between Defendant Montoya and Velarde do not demonstrate, as they must, personal participation by Montoya in the alleged constitutional violations. Because Plaintiff did not plead that Defendant Montoya, through his own individual actions, has violated the Constitution, the § 1983 claims cannot withstand Rule 12(c) scrutiny. *See Iqbal,* 556 U.S. at 676. Thus, for essentially the same reasons

as were set out above, the Court will dismiss the Fourteenth Amendment procedural due process and First Amendment claims in Counts I, II, and V against Defendant Montoya in his individual and official capacities. Accordingly, Defendant Montoya will be dismissed from this lawsuit.

### C.  Substantive Due Process Violations (Counts II and V) against all Defendants

Defendants state that Plaintiff's Fourteenth Amendment substantive due process claim (Count II) is premised on the same factual allegations as the First Amendment claim (Count V). Motion at 9. Defendants argue that because the First Amendment explicitly covers Plaintiff's claim of retaliation based on freedom of speech and association, it is improper for Plaintiff to seek relief for the same claim under the Fourteenth Amendment substantive due process clause. *Id.* Plaintiff's Response is silent as to Defendant's argument that the Fourteenth Amendment substantive due process claim should be dismissed because it is subsumed by the First Amendment claim. The Court observes that Plaintiff has alleged First and Fourteenth Amendment violations in both Counts II and V and that some of the allegations under the two counts are duplicative.

The Court agrees that Plaintiff's claim of retaliation related to his loss of employment is grounded in First Amendment rights of free speech and association. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (*quoting Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Court concludes that Plaintiff has failed to allege an independent substantive due process challenge to Defendants' employment decision. Therefore, the Court will dismiss those portions of Counts II and V that allege Fourteenth Amendment substantive due process violations against all Defendants.

**Conclusion**

IT IS THEREFORE ORDERED that DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S SECTION 1983 CLAIMS AGAINST BARNEY TRUJILLO, DANNY GARCIA AND ALFREDO L. MONTOYA AS WELL AS PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 32) is GRANTED with the result that:

1) the Fourteenth Amendment procedural due process claim (Count I) against Defendants Barney Trujillo, Danny Garcia, and Alfredo L. Montoya in their individual and official capacities will be dismissed with prejudice;

2) the First Amendment freedom of speech and association claim (Counts II and V) against Defendants Barney Trujillo, Danny Garcia, and Alfredo L. Montoya in their individual and official capacities will be dismissed with prejudice;

3) the Fourteenth Amendment substantive due process claim (Counts II and V) will be dismissed with prejudice as to all Defendants; and

4) Defendants Barney Trujillo, Danny Garcia, and Alfredo L. Montoya will be dismissed as parties to this lawsuit.

_____
SENIOR UNITED STATES DISTRICT JUDGE